J-S21028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL YOUNG | : | |
| | : | |
| Appellant | : | No. 2562 EDA 2024 |

Appeal from the PCRA Order Entered August 16, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006505-2014

BEFORE:   KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.:                    **FILED FEBRUARY 10, 2026**

Appellant, Darryl Young, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his second petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

A prior panel of this Court set forth the relevant facts and procedural history of this case as follows:

> This case arises from the shooting of two men, William Harriston, who died as a result of his injuries, and Shirvin McGarrell, who sustained eleven gunshot wounds and survived.
>
> On February 2, 2009, at approximately 8:00 p.m., [Mr.] McGarrell and his daughter's mother, Shaniece Thorton,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

were driving to [Mr.] McGarrell's home after finishing a shopping trip. As they approached the home, [Ms.] Thorton saw Appellant, whom she recognized from the neighborhood, walking down the street with two other men, whose faces were covered by their hoods. Appellant motioned for [Mr.] McGarrell to come over towards him, and [Mr.] McGarrell dropped [Ms.] Thorton off in front of the home so that she could bring their purchases inside.

Meanwhile, [Mr.] Harriston and Darren Ricketts arrived at [Mr.] McGarrell's home, because they had plans with [Mr.] McGarrell for the evening. [Mr.] McGarrell asked [Mr.] Ricketts to move his car, and as [Mr.] Ricketts proceeded to do so, gunfire broke out. [Mr.] Ricketts saw Appellant run away with two guns in his hands. Appellant then stopped and ran back to search [Mr.] McGarrell, before again fleeing from the scene. [Ms.] Thorton also heard gunshots, from what sounded like more than one gun, and she ran towards [Mr.] McGarrell, who had been shot in his stomach, chest, legs, and arms. [Mr. McGarrell was taken to the hospital and survived his injuries. Mr. Harriston sustained multiple gunshot wounds and died as a result.]

[Both Ms. Thorton and Mr. Ricketts spoke with detectives following the shooting and identified Appellant from a photo array.] On February 11, 2009, nine days after the shooting, [Mr.] McGarrell gave a statement to homicide detective[s, Timothy Bass and Thorston Lucke,] identifying Appellant as one of the shooters. On August 13, 2013, inmate Charles Bryant reported to detectives that while he was incarcerated with Appellant, he asked Appellant about the Harriston shooting, because [Mr.] Harriston was a close friend. Appellant confessed to shooting [Mr.] Harriston and [Mr.] McGarrell, and explained that the bullets were intended for [Mr.] McGarrell only, as retaliation for his involvement in another killing.

Appellant proceeded to a four-day bench trial in January and February 2016. At trial, [Mr.] McGarrell refused to identify Appellant as his assailant, despite his earlier statement to the contrary. [Mr. McGarrell also denied his prior identification of Appellant as one of his shooters, stating "they had all these pictures out there already saying who shot me." (N.T. Trial, 2/22/16, at 69). Ms. Thorton, Mr.

- 2 -

Ricketts and Mr. Bryant testified to the aforementioned facts, consistent with their prior statements to law enforcement.[2]] Appellant testified that he was present at the scene of the shooting, but was not involved in it, and that he fled when the gunfire started.

***Commonwealth v. Young***, No. 928 EDA 2016, unpublished memorandum at 1-3 (Pa.Super. filed December 29, 2017), *appeal denied*, 647 Pa. 533, 190 A.3d 587 (2018) (footnotes and citations omitted).

On February 24, 2016, the trial court found Appellant guilty of first-degree murder, attempted murder, criminal conspiracy, recklessly endangering another person, carrying firearms without a license, carrying firearms on public streets in Philadelphia, and possessing an instrument of a crime, and two counts of aggravated assault. That same day, the court imposed an aggregate sentence of life imprisonment without the possibility of parole. On December 29, 2017, this Court affirmed Appellant's judgment of sentence, and on July 31, 2018, our Supreme Court denied allowance of appeal. ***See id***. On April 2, 2019, Appellant timely filed his first PCRA petition, which the PCRA court denied on October 29, 2020. This Court affirmed the denial of PCRA relief on October 15, 2021, and our Supreme Court denied allowance of appeal on May 18, 2022. ***See Commonwealth v. Young***, No. 2088 EDA 2020 (Pa.Super. filed October 15, 2021) (unpublished memorandum), *appeal denied*, 673 Pa. 222, 278 A.3d 856 (2022).

On July 26, 2022, Appellant filed the instant *pro se* PCRA petition, his

_____

[2] At trial, the witnesses often referred to Mr. McGarrell by his nickname "Larry" or "L" and referred to Appellant by his nickname "D. Nice."

- 3 -

second. On September 7, 2023, Appellant filed an amended PCRA petition asserting that he satisfied that newly discovered facts and governmental interference exceptions to the PCRA time bar. Specifically, Appellant claimed that he recently learned from two other inmates, James Copeland and Damon Schofield, that Mr. Bryant told them that he falsely testified at Appellant's trial in return for a proffer agreement for a more lenient sentence in a federal criminal case that was pending. In support of this claim, Appellant attached an affidavit from Mr. Copeland, dated June 27, 2022, which stated in relevant part:

> I enlightened [Appellant] about how [Mr.] Bryant was running around stating [Appellant] was his ticket back home. Practically the entire unit heard him bragging [that Appellant] was his [meal] ticket back home. I didn't think he was serious, but now looking back, I know now what he meant by shorty was from the wrong neighborhood cause he had some shit for him.

(PCRA Petition-Exhibit A, filed 7/26/22, at 1). Appellant also attached an affidavit from Mr. Schofield, dated July 29, 2023, which stated in relevant part:

> That's when I informed [Appellant] that [Mr.] Bryant lied on him to get a lenient sentence, i.e. lesser prison sentence. … I revealed to [Appellant] that I was incarcerated … with [Mr.] Bryant in which he was facing a thirty (30) year sentence for serious charges… [Appellant] then asked me, "Did [Mr.] Bryant give what's called a proffer?" I then disclosed to [Appellant] the following, "[Mr.] Bryant received sixty (60) months for all those charges in exchange for his testimony against you in favor for the prosecution to obtain an unlawful conviction.

(Amended PCRA Petition-Exhibit C, filed 9/7/23, at 1-2). Appellant also

attached a portion of the docket for the federal criminal case against Mr. Bryant, showing that some proceedings and filings were sealed.

Further, Appellant claimed that he satisfied the newly discovered facts and governmental interference exceptions to the PCRA time bar because he recently learned that Detective Bass, who conducted the interview of Mr. McGarrell, had a history of misconduct. To support this claim, Appellant attached a printout from the police transparency project website, which listed Detective Bass as a detective that has been "accused, charged, convicted, and/or disciplined for alleged acts of misconduct." (Amended PCRA Petition-Exhibit A, filed 9/7/23, at 1).

On July 3, 2024, the PCRA court issued a notice of intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On July 22, 2024, Appellant filed a response to the Rule 907 notice and a motion for leave to amend his PCRA petition, providing additional argument for his claims. On August 16, 2024, the PCRA court formally dismissed Appellant's petition as untimely, noting that it had considered Appellant's response to the Rule 907 notice.[3] On August 30, 2024, Appellant timely filed a notice of appeal. The court did not order, and Appellant did not file, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

> Did the PCRA court err or abuse its discretion in dismissing Appellant's 2nd/subsequent PCRA as untimely, [Appellant]

_____

[3] The PCRA court did not issue an express ruling on the motion to amend.

- 5 -

pleaded and proved one of the PCRA time-bar exceptions, newly discovered facts 42 Pa.C.S. § 9545(b)(1)(ii), by providing the affidavit(s) of James Copeland and Damon Schofield who provided information of a Commonwealth key witness Charles "Webb" Bryant confessing to committing perjury on [Appellant] in order to go home, these facts were not known to [Appellant], nor could have been ascertained by the exercise of due diligence.

Did the PCRA court err or abuse its discretion in dismissing Appellant's 2nd/subsequent PCRA as untimely, [Appellant] pleaded and proved one of the PCRA time-bar exceptions, government interference 42 Pa.C.S. § 9545(b)(1)(i), the Commonwealth withheld exculpatory evidence of witness Charles "Webb" Bryant's deal he received in his federal case, Commonwealth either willfully or inadvertently suppressed that information, which [violates **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)], which falls under the PCRA exception, government interference, the Commonwealth knew or should have known.

Did the PCRA court err or abuse its discretion in dismissing Appellant's 2nd/subsequent PCRA as untimely, [Appellant] pleaded and proved one of the PCRA time-bar exceptions, newly discovered facts 42 Pa.C.S. § 9545(b)(1)(ii), where information of detective Timothy Bass' misconducts for supplying information, fabricating evidence and coercing witnesses, Commonwealth witness Shirvin McGarrell testified at trial of coercion by Detective Timothy Bass.

Did the PCRA Court err or abuse its discretion in dismissing Appellant's 2nd/subsequent PCRA as untimely, [Appellant] pleaded and proved one of the PCRA time-bar exceptions, government interference 42 Pa.C.S. § 9545(b)(1)(i), the Commonwealth withheld evidence about a "Do Not Call List" which existed to keep track of detectives' misconducts, a lead detective, Timothy Bass was on that said list who had coerced and manipulated a key witness, Shirvin McGarrell into identifying Appellant as the shooter, which is a **Brady** violation.

Did the PCRA court err or abuse its discretion in dismissing Appellant's 2nd/subsequent PCRA as untimely, and denying a claim of layered ineffectiveness on PCRA counsel … for

failing to raise ineffectiveness of trial counsel … for failure to investigate Commonwealth witnesses to see if any deals were made in exchange for their testimony as well as investigate any detectives or police officers to see if any misconducts existed, [Appellant] raises issue at the first opportunity to do so under [***Commonwealth v. Bradley***, 669 Pa. 107, 261 A.3d 381 (2021)], in order to preserve issue.

Did the PCRA court err or abuse its discretion in dismissing/denying Appellant's motion to leave and amend PCRA petition to clarify and or to make corrections to all the claims argued in the PCRA.

(Appellant's Brief at 4-5).

In his first four issues combined, Appellant asserts that he learned on June 25, 2022 from Mr. Copeland, and on July 1, 2023 from Mr. Schofield, that Mr. Bryant falsely testified against Appellant in return for a more lenient sentence in his pending federal criminal case. Appellant claims that he could not have learned of this fact at an earlier date because he had no contact with Mr. Bryant since the trial and did not know that Mr. Copeland and Mr. Schofield had knowledge about Mr. Bryant's false testimony. Appellant further contends that the Commonwealth interfered with his ability to learn this fact at an earlier date because the Commonwealth failed to disclose that Mr. Bryant benefited from a proffer agreement in return for his testimony.

Appellant further asserts that on August 17, 2023, he learned from another inmate that Detective Bass was listed on the police transparency project website as a detective with a history of misconduct. Appellant insists that Mr. McGarrell's testimony that he was coerced while giving his statement to Detective Bass and Detective Lucke supports a finding that Detective Bass

committed misconduct in Appellant's case. Appellant asserts that he could not have obtained evidence of Detective Bass' misconduct at an earlier date by the exercise of due diligence. Appellant also submits that the Commonwealth's failure to disclose Detective Bass' history of misconduct amounts to governmental interference. Appellant concludes that the PCRA court erred in concluding that Appellant failed to establish the newly discovered facts and governmental interference exceptions to the PCRA time bar and dismissing his petition as untimely, and this Court must grant relief. We disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no similar deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa.Super. 2012).

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Ballance**, 203 A.3d 1027 (Pa.Super. 2019), *appeal denied*, 654 Pa. 600, 216 A.3d 1044 (2019). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42

Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

"The proper question with respect to [the governmental interference] timeliness exception is whether the government interfered with Appellant's ability to present his claim and whether Appellant was duly diligent in seeking the facts on which his claims are based." *Commonwealth v. Chimenti*, 218 A.3d 963, 975 (Pa.Super. 2019), *appeal denied*, 658 Pa. 538, 229 A.3d 565 (2020) (internal citation omitted). In other words, an appellant is required to

show that he would have filed his claim sooner, if not for the interference of a government actor. *Commonwealth v. Staton*, 646 Pa. 284, 184 A.3d 949 (2018). Where a petitioner's allegation of governmental interference is based on an alleged *Brady* violation, "the proper questions with respect to timeliness in this case are whether the government interfered with Appellant's access to the [allegedly withheld evidence], and whether Appellant was duly diligent in seeking [that evidence]." *Commonwealth v. Stokes*, 598 Pa. 574, 581, 959 A.2d 306, 310 (2008).

To meet the newly-discovered facts timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Howard*, 285 A.3d 652, 659 (Pa.Super. 2022). Due diligence demands that a PCRA petitioner take reasonable steps to protect his own interests. *Id.* "A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." *Id.* The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Burton*, 638 Pa. 687, 704, 158 A.3d 618, 629 (2017) (internal citation and quotation marks omitted). "A claim which rests exclusively upon inadmissible hearsay is not of a type that would implicate the [newly discovered fact] exception to the timeliness requirement, nor would such a claim, even if timely, entitle [the petitioner] to

relief under the PCRA." *Commonwealth v. Brown*, 141 A.3d 491, 501 (Pa.Super. 2016) (quoting *Commonwealth v. Yarris*, 557 Pa. 12, 731 A.2d 581 (1999)).

Instantly, Appellant's judgment of sentence became final on or about October 29, 2018, ninety days after our Supreme Court denied Appellant's petition for allowance of appeal following his direct appeal. *See* U.S.Sup.Ct.R. 13 (stating appellant must file petition for writ of *certiorari* with United States Supreme Court within ninety days after entry of judgment by state court of last resort). Appellant filed his current PCRA petition on July 26, 2022, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

Appellant now attempts to invoke the newly discovered facts and governmental interference exceptions to the PCRA time bar, relying in part on the affidavits of Mr. Copeland and Mr. Schofield. Nevertheless, the PCRA court decided that Appellant was unable to satisfy the proffered timeliness exceptions because Appellant failed to support his claim with anything other than impermissible hearsay. We agree. Specifically, Mr. Copeland and Mr. Schofield's affidavits merely state that they heard Mr. Bryant admit to giving false testimony in Appellant's case in return for a more lenient sentence. As such, the affidavits contain nothing more than hearsay. *See* Pa.R.E. 801(c) (hearsay is statement, other than one made by declarant while testifying at trial, offered in evidence to prove truth of matter asserted). *See also Brown, supra*.

Appellant contends that Mr. Bryant's statement to Mr. Copeland and Mr. Schofield was a statement against interest and is admissible. **See** Pa.R.E. 804(b) (statement is not excluded as hearsay if declarant is unavailable as witness and statement exposes declarant to criminal liability). Nevertheless, for this exception to apply, the declarant must be unavailable as a witness; Appellant has offered no evidence that Mr. Bryant was unavailable. **See Brown, supra** (holding that affidavit stating that affiant heard another individual confess to committing murder for which appellant was convicted was not statement against interest because appellant failed to establish that declarant was unavailable; concluding that affidavit was insufficient to establish newly discovered facts exception to PCRA time bar). **See also Commonwealth v. Abu-Jamal**, 596 Pa. 219, 230, 941 A.2d 1263, 1269–70 (2008) (concluding that testimony at PCRA evidentiary hearing that another witness confessed to providing perjured testimony against appellant at appellant's trial was impermissible hearsay and cannot satisfy newly discovered fact exception to PCRA time bar). On this record, we discern no error in the court's conclusion that Mr. Copeland and Mr. Schofield's affidavits are impermissible hearsay and insufficient to satisfy the newly discovered facts exception to the PCRA time bar. **See Conway, supra**.

Similarly, Appellant has failed to satisfy the governmental interference exception for this claim. Appellant provides no evidence, other than the affidavits containing impermissible hearsay, for his assertion that Mr. Bryant

benefited from a proffer agreement for a more lenient sentence in return for his testimony against Appellant. In other words, Appellant has offered no evidence to establish that any such agreement existed that the Commonwealth failed to disclose. Moreover, the trial testimony and Appellant's own evidence regarding Mr. Bryant's federal case belies Appellant's claim. At trial, Mr. Bryant expressly denied that he had been offered any promises by any federal or state government officials in return for his testimony. He further testified that he had been sentenced in his federal case a month before giving his initial statement regarding Appellant to detectives on August 13, 2013, and over two years before Appellant's trial. This is supported by the federal docket that Appellant attached to his PCRA petition, which shows that Mr. Bryant was sentenced for his federal offenses on July 11, 2013.[4] On this record, we agree with the PCRA court that Appellant failed to establish the governmental interference exception in relation to his claim that Mr. Bryant provided perjured testimony. *See Conway, supra*; *Stokes, supra*.

_____

[4] Appellant notes that the docket shows that several proceedings in Mr. Bryant's federal criminal case were sealed and that Mr. Bryant filed a *pro se* motion to vacate, set aside or correct his sentence on February 1, 2016, which was approximately one month before Appellant's trial. Nevertheless, the mere fact that certain proceedings were sealed does not provide any support for Appellant's claim that Mr. Bryant entered into a proffer agreement for a more lenient sentence. Additionally, the court denied Mr. Bryant's motion to vacate his sentence on July 11, 2016. As such, Mr. Bryant's federal docket provides no additional support for Appellant's claim.

Additionally, Appellant's claim regarding Detective Bass' alleged history of misconduct also fails to satisfy the newly discovered fact or governmental interference exceptions. Mr. McGarrell testified at Appellant's trial that the detectives who took his statement told him who to identify as his shooter. Detective Lucke further testified that Detective Bass participated in taking Mr. McGarrell's statement. As such, Appellant was aware as early as his trial in 2016 of Mr. McGarrell's alleged claim of misconduct against Detective Bass. Nevertheless, Appellant fails to explain any steps he took to exercise due diligence in seeking information to support this claim or how the government interfered with his ability to do so in the six years that passed until he filed the instant petition. *See Howard, supra*. *See also Commonwealth v. Duboise*, No. 3095 EDA 2024 (Pa.Super. filed November 17, 2025) (holding appellant failed to demonstrate due diligence where appellant knew of detective's alleged misconduct at time of trial but failed to search for additional information to support claim until eight years later).[5]

Further, the new fact that Appellant proffers in support of his claim is that Detective Bass was generally listed on the police transparency project website as a detective that has been "accused, charged, convicted, and/or disciplined for alleged acts of misconduct." As such, Appellant has not presented any new evidence to support a claim that Detective Bass committed

_____

[5] *See* Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for persuasive value).

misconduct in Appellant's case. This is insufficient to satisfy the newly discovered facts exception. **See Commonwealth v. Reeves**, 296 A.3d 1228, 1233 (Pa.Super. 2023) (holding that evidence that detectives who participated in appellant's case committed misconduct in unrelated case does not satisfy newly discovered fact exception because it was not new facts related to appellant's case). Additionally, the printout from the police transparency website does not specify whether Detective Bass was convicted and/or disciplined for misconduct or merely accused of alleged misconduct. Thus, Appellant's proffered evidence is insufficient to establish that Detective Bass even has a history of misconduct dating back to Appellant's trial that the Commonwealth failed to disclose. **See Stokes, supra**. On this record, we discern no error in the court's conclusion that Appellant failed to establish the newly discovered fact or governmental interference exceptions to the PCRA time bar. **See Conway, supra**.

In his fifth issue, Appellant claims that his trial counsel was ineffective for failing to investigate whether Mr. Bryant was offered a proffer agreement in exchange for his testimony. Appellant further asserts that his first PCRA counsel was ineffective for failing to assert trial counsel's ineffectiveness. Appellant insists that he raised his layered ineffective assistance of counsel claim at his first opportunity to do so pursuant to **Bradley**. Appellant concludes that we should remand the matter so that the PCRA court can consider Appellant's layered ineffective assistance of counsel claim. We

disagree.

Generally, "a claim of ineffective assistance of counsel does not provide an exception to the PCRA time bar." ***Commonwealth v. Sims***, 251 A.3d 445, 448 (Pa.Super. 2021), *appeal denied*, 670 Pa. 17, 265 A.3d 194 (2021). In ***Bradley***, our Supreme Court held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Bradley, supra*** at 141, 261 A.3d at 401 (footnote omitted). Nevertheless, ***Bradley*** involved ineffectiveness claims that the petitioner raised on direct appeal following the dismissal of a timely, first PCRA petition. The ***Bradley*** Court noted that "an approach favoring the consideration of ineffectiveness claims of PCRA counsel on appeal (if the first opportunity to do so) does not sanction extra-statutory serial petitions." ***Id.*** at 144, 261 A.3d at 403.

> Moreover, in his concurrence, Justice Dougherty emphasized:

>> Importantly, our decision today does not create an exception to the PCRA's jurisdictional time-bar, such that a petitioner represented by the same counsel in the PCRA court and on PCRA appeal could file an untimely successive PCRA petition challenging initial PCRA counsel's ineffectiveness because it was his "first opportunity to do so."

***Id.*** at 149, 261 A.3d at 406 (Justice Dougherty concurring). Consequently, this Court declined to extend the holding of ***Bradley*** to cases involving untimely or serial petitions, explaining:

> Nothing in **Bradley** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right. To the contrary, our Supreme Court in **Bradley** unambiguously rejected the filing of a successive untimely PCRA petition as a permissible method of vindicating the right to effective representation by PCRA counsel.

**Commonwealth v. Stahl**, 292 A.3d 1130, 1136 (Pa.Super. 2023).

Here, Appellant raises his layered ineffective assistance of counsel claim for the first time on appeal from the dismissal of his untimely second PCRA petition. Therefore, **Bradley** does not apply to Appellant's claim, and it remains time barred. **See Stahl, supra**. As such, Appellant is not entitled to relief on this claim. **Id.**

In his sixth issue, Appellant argues the court should have allowed Appellant to amend his PCRA petition to clarify and expound upon his claims regarding the PCRA timeliness exceptions. Appellant asserts that the court should have identified the deficiencies in his petition and granted Appellant leave to amend his petition to cure such defects. Appellant concludes that the court erred in dismissing his PCRA petition as untimely without granting Appellant leave to amend his petition. We disagree.

Rule 905 of the Pennsylvania Rules of Criminal Procedure states, in relevant part:

> **Rule 905. Amendment and Withdrawal of Petition for Post-Conviction Collateral Relief**
>
> (A) The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time.

- 17 -

Amendment shall be freely allowed to achieve substantial justice.

(B) When a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed. If the order directing amendment is not complied with, the petition may be dismissed without a hearing.

Pa.R.Crim.P. 905(A)-(B). Rule 905(A) provides that leave to amend a petition for post-conviction relief shall be freely allowed to achieve substantial justice. Pa.R.Crim.P. 905(A). *See also Commonwealth v. Crispell*, 648 Pa. 464, 483, 193 A.3d 919, 930 (2018) (requiring application of Rule 905(A) liberal standard for permitting "amendment of a pending, **timely-filed** post-conviction petition") (emphasis added). However, this Court has explained that "a court's decision to deny an untimely petition absent directing an amendment does not warrant reversal where the claim is record-based and our review indicates that the issue does not fall within a timeliness exception." *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa.Super. 2013).

Here, the court did not expressly rule on Appellant's motion to amend. Rather, the court formally dismissed Appellant's PCRA as untimely, noting that it considered Appellant's responses to its Rule 907 notice. Appellant states on appeal that he included in his brief the more developed arguments and clarifications that he would have made in an amended PCRA petition. We have reviewed Appellant's appellate claims in their entirety above and concluded that they do not satisfy any of the PCRA timeliness exceptions. Thus, even if

the court had allowed Appellant to amend his petition and given him an opportunity to present the additional arguments/clarifications he presents on appeal concerning his claims, Appellant's claims would still merit no relief. Thus, Appellant is not entitled to relief based on the court's failure to allow him to amend his PCRA petition. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/10/2026